UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMION STEVENSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:22-cv-00464-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### Memorandum and Order

Movant's motion for relief from sentence is before the Court. He is currently incarcerated at the Federal Correctional Institution at Glenville, West Virginia. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition, or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2255. If movant chooses to proceed with the instant action, he will be required to amend his motion to vacate on a court-provided form.

### Background

On May 5, 2021, movant pleaded guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of firearms. On September 8, 2021, the Honorable Stephen R. Clark sentenced movant to 94 months' imprisonment and three years of supervised release. *United States v. Stevenson*, No. 4:20CR246 SRC (E.D. Mo.). Movant filed a notice of appeal of his conviction on September 17, 2021.[1]  *See United States v. Stevenson*, No. 21-3102 (8th Circuit

---

[1] It appears that movant's direct appeal is still pending before the Eighth Circuit Court of Appeals. If, indeed, movant has a direct appeal currently pending, and movant intends to bring the current matter pursuant to 28 U.S.C. 2255, he should be warned that his § 2255 motion may have been prematurely filed, and therefore, may be subject to dismissal. *See Masters v. Eide,* 353 F.2d 517, 518 (8th Cir.1965) (per curiam) ("[o]rdinarily resort cannot be had pursuant to 28 U.S.C.A. § 2255 or habeas corpus while an

2021). Movant's appellate brief was submitted on February 7, 2022, by counsel Jane Francis in conformance with *Anders v. California*, 386 U.S. 738 (1967). Movant filed an addendum to the brief on February 9, 2022.

## Movant's Motion for Relief from Sentence

In his motion, movant asserts that he was given the wrong sentence for his felon in possession charge. He claims that he unlawfully received an eight-point sentence enhancement for "uncharged conduct" on his sentence report. Movant seeks resentencing under "new guidelines," with the eight levels deducted from his original sentence.

## Discussion

Before reclassifying the instant petition as a § 2255 habeas corpus action, this Court must afford movant the opportunity either to withdraw the petition or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255. *See Morales v. United States,* 304 F.3d 764, 765 (8th Cir. 2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, movant's subsequent filing of a § 2255 motion could be

---

appeal from conviction is pending.").

dismissed as second or successive.[2] *Cf. Morales,* 304 F.3d at 765. Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw his petition or to consent to the Court's reclassification of the petition as a motion to vacate brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion for relief from sentence or to consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255. Movant shall advise the Court of his choice, in writing.

**IT IS FURTHER ORDERED** that if movant decides to pursue this action under 28 U.S.C. § 2255, he shall file an amended motion to vacate on a court-provided form within thirty (30) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this 27th day of April 2022.

_SL R. Cl_
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

---

[2]Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.